UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTWAIN WILLIAMS,

                Petitioner,                **No. 06-CV-0356(VEB)**
-vs-                                       **DECISION AND ORDER**

DALE ARTUS,

                Respondent.

## INTRODUCTION

This Court has dismissed *pro se* petitioner Antwain Williams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and denied a certificate of appealability, finding that Williams had failed to make a substantial showing of the denial of a constitutional right. *See* Decision and Order dated 9/13/2007 (Docket No. 20). Williams now moves the Court, pursuant to Federal Rule of Civil Procedure 60(b)(6), to vacate its Decision and Order rejecting his § 2254 petition. *See* Petitioner's Motion to Vacate (Docket No. 22).

## DISCUSSION

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. FED. R. CIV. P. 60(b)(1) - (5). Subsection (6) is the "catch-all" of Rule 60(b), which allows vacatur in the interest of justice for any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b)(6). Williams' notice of motion states that he seeks relief under Rule 60(b)(1) "on the ground of (excusable neglect) (mistake) (inadvertence) (surprise), all of which more clearly appears in the AFFIDAVIT . . . ." *See* Docket No. 22. In his supporting affidavit, Williams

-1-

asserts that "reconsideration is warranted due to the petitioners [sic] proof and clear showing the state courts [sic] denial of his United States Constitutional Rights under the Fourth Amendment." *See id.* The remainder of the affidavit goes on to detail how the Court erroneously decided the Fourth Amendment claims that Williams raised as grounds for habeas relief in his petition. *See id.*

Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) (stating that "Rule 60(b) has an unquestionably valid role to play in habeas cases" and giving examples). However, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *see also Gitten v. United States*, 311 F.3d 529, 532 n. 4 (2d Cir. 2002). When presented with a Rule 60(b) motion that merely asserts or reasserts claims of error in the movant's underlying conviction or sentence, a district court has two procedural options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals for the Second Circuit] for possible certification [under 28 U.S.C. § 2244(b)(2)], or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris v. United States*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d at 534).

Williams attempts to make his motion to vacate fit within the language of Rule 60(b)(1) by stating that

> [t]he conclusions drawn by this court . . . do not adequately depict the petitioners [sic] contentions within his petition, as the petitioner believes this may have been

>brought about by this courts [sic] mistaken interpretation of the petitioners [sic] possible overabundance of argument and exhibits.

*See* Docket No. 22. Although the Court appreciates Williams' creativity, it finds that none of the arguments Williams raises in support of the motion for relief from judgment can be construed either as within the scope of Rule 60(b)(1), or any of the subsections of Rule 60(b), because they merely argue that this Court wrongly dismissed Williams' Fourth Amendment claims attacking his underlying conviction and sentence.

"Rule 60(b) is, however, an extraordinary remedy," and was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995) (citing *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir.1993)).  The only basis for Williams' motion to vacate is that this Court misapplied the law in regard to the facts of his case. The law is clear that Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.") (citations omitted). Rather than standing in for an ordinary appeal, Rule 60(b) provides relief only in "exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986); *see also Harris v. United States*, 367 F.3d at 77 ("[A]n attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'").

In sum and substance, Williams' Rule 60(b)(1) motion is essentially an attempt to appeal the judgment dismissing his habeas petition. The crux of his application simply is that this Court

erred in its reasoning process. If these alleged errors of law by the Court potentially could constitute grounds for Rule 60(b) relief, it could only be under Rule 60(b)(1), which specifically refers to "mistake." *See A.P. v. McGrew*, No. 97 C 5876, 1998 WL 808879, at *2 (N.D. Ill. Nov. 16, 1998). However, I do not believe that the errors alleged by petitioner constitute "mistake" within the meaning of Rule 60(b)(1), which "'affords a party relief from a material mistake that changed the outcome of the court's judgment.'" *In re Bulk Oil (USA), Inc.*, No. 89-B-13380, 93 Civ. 4492(PKL), 93 Civ. 4494(PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quoting *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y.1999) and citing *Fetik v. New York Law School*, 97 Civ. 7746, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999) (declining to provide relief under Rule 60(b)(1) where movant did not show "any material issue of fact or law overlooked by the Court" )). Rule 60(b)(1) is not to be invoked to "provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" *Id.* (quoting *Matura*, 189 F.R.D. at 90). Here, Williams is asking the Court to "reconsider issues already examined simply because [he] is dissatisfied with the outcome of his case," *Matura*, 189 F.R.D. at 90, which courts have rejected as a basis for granting Rule 60(b)(1) relief, finding that "[t]o do otherwise would be a waste of judicial resources," *id.*; *accord In re Bulk Oil (USA), Inc.*, 2007 WL 1121739, at *10 ; *Lugo v. Artus*, No. 05 Civ.1998(SAS), 2008 WL 312298, *2 (S.D.N.Y. Jan. 11, 2008)).  Moreover, review of the supporting papers makes clear that Williams' motion is based on the broad assertion that this Court made erroneous legal rulings, but he has not attempted to explain how or why the alleged "mistakes" were attributable to "exceptional circumstances," *Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824-25 (2d Cir.1996) ("A movant under Rule 60(b) must demonstrate

'exceptional circumstances' justifying the extraordinary relief requested."). Williams' "[m]ere disagreement" with this Court's resolution of the legal and factual issues presented by his habeas petition does not amount to an "exceptional circumstance" for which Rule 60(b)(1) relief is warranted. *Accord A.P. v. McGrew*, 1998 WL 808879, at *4 (dismissing Rule 60(b)(1) motion for relief from summary judgment order where plaintiff "simply claim[ed] that [the court] erroneously applied the law"; the "[m]ere disagreement with [the court's] approach to and application of the summary judgment standard of review and the evidence [it] relied upon is not an exceptional circumstance warranting relief under Rule 60(b)(1)").

## CONCLUSION

For the foregoing reasons, petitioner's motion for relief from the judgment dismissing his habeas petition is **DENIED**. No certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   October 2, 2008
         Buffalo, New York.